IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| JESSIE TORO, | ) | |
| | ) | No. 2:12-1833-DCN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| SCIENCE APPLICATIONS | ) | |
| INTERNATIONAL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Magistrate Judge Bristow Marchant's Report and Recommendation (R&R) regarding defendant Science Applications International Corporation's (SAIC) motion to dismiss the second, third, and fourth claims of the complaint. The magistrate judge recommends that the court dismiss plaintiff Jessie Toro's third claim, for violation of the Americans with Disabilities Act (ADA), in its entirety. The magistrate judge further recommends that Toro's second and fourth claims be allowed to proceed only to the extent that they are asserted under the Equal Pay Act. The court has examined the record and Toro's objections to the R&R. For the reasons set forth below, the court adopts the R&R in its entirety and grants in part and denies in part the motion to dismiss.

## I.  BACKGROUND

Toro is a former employee of SAIC. Toro filed a complaint in federal court on July 2, 2012, alleging, *inter alia*, violations of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA"), and the Equal Pay Act. She also seeks recovery for retaliation under the above listed Acts and a public policy theory.

1

Toro contacted the South Carolina Human Affairs Commission (SCHAC) based on perceived discrimination she experienced while working for SAIC. SCHAC received Toro's Employment Initial Inquiry Questionnaire in February 2011,[1] and assigned staff to the case in March 2011. A charge was mailed to Toro and her attorney on June 3, 2011, and was deferred to the Equal Employment Opportunity Commission (EEOC) which eventually issued a right to sue notice, leading to the filing of this action.

SAIC filed a motion to dismiss plaintiff's Title VII, ADA, and retaliation claims. The case was referred to the magistrate judge for pretrial proceedings. On December 7, 2012 the magistrate judge issued an R&R recommending that the court dismiss Toro's claims as asserted under Title VII, the ADA, and the public policy of South Carolina, leaving Toro's second and fourth causes of action to proceed only to the extent that they are asserted under the Equal Pay Act. Toro filed written objections to the R&R on December 27, 2012.

## II.   STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). The court may adopt the portions of the R&R to which the plaintiff did not object, as a party's failure to object is accepted as agreement with the conclusions of the magistrate judge. Thomas v. Arn, 474 U.S. 140, 149-50 (1985). The recommendation of the magistrate judge carries no presumptive weight and the responsibility to make a final

---

[1] Toro asserts that she completed the initial questionnaire in October 2010. She attaches a copy of her October 2010 questionnaire to her Objections to the R&R; however, nothing on that document indicates that it was ever received by SCHAC. Toro also submits an initial questionnaire, dated February 11, 2011, that her counsel completed on her behalf. SCHAC received the February questionnaire on February 14, 2011, as reflected by a date stamp on the first page of the document. Since SCHAC only has record of the February 2011 questionnaire, the court will use this document when calculating deadlines.

determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration. 28 U.S.C. § 636(b)(1).

### III.   DISCUSSION

SAIC argues that Toro's retaliation claim, as asserted under Title VII, and her ADA claim should be dismissed because Toro failed to exhaust her administrative remedies. SAIC further contends that even if Toro did properly exhaust her administrative remedies for these claims, they nevertheless are subject to dismissal because Toro did not file her administrative charge within three hundred (300) days of the alleged discriminatory acts. SAIC further argues that to the extent Toro's claim of retaliation is asserted under the public policy of South Carolina, the claim should be dismissed as she had existing statutory remedies. The court addresses these arguments in turn.

**A.   Exhaustion of Administrative Remedies**

Before an employee may sue her employer in federal court, the employee must first exhaust his or her administrative remedies. Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000) (Title VII claims); Brown v. S. Carolina Sch. for Deaf & Blind, No. 11-cv-1111, 2011 WL 511013, at *1 (D.S.C. Oct. 26, 2011) (ADA claims). Federal statutes require that a claimant file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory act(s), or, if the alleged discrimination occurred in a deferral state, within 300 days from the alleged discriminatory act(s) if

claimant institutes proceedings with the appropriate state agency. 42 U.S.C. § 200e-5(e); 42 U.S.C. § 12117(a).

The court agrees with the magistrate judge's finding that the administrative charge asserts only gender discrimination claims, and fails to set forth ADA claims or retaliation claims as asserted under Title VII. Pl.'s Objections to R&R 3, Dec. 27, 2012. Though Toro argues to the contrary, the initial inquiry questionnaire that she completed does not constitute an administrative charge, and the information contained therein is not considered in developing claims outside of those listed in or reasonably related to the administrative charge. See Green v. Wal-Mart Stores, Inc., No. 11-cv-2219, 2012 WL 2048207, at *3 (D.S.C. May 3, 2012); Middleton v. Motley Rice, No. 08-cv-3256, 2010 WL 3167360, at *6 (D.S.C. Aug. 9, 2010).

In Green, the magistrate judge pointed to the Supreme Court's holding "that for a questionnaire to be considered as a Charge it 'must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee.'" 2012 WL 2048207, at *3 (quoting Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008)). As is also the case here, the magistrate judge highlighted that the initial inquiry form contained a conspicuous disclaimer at the top of the form, making it impossible to interpret the questionnaire as a request for action. Id. at *3. Therefore, in the present case, as the administrative charge does not contain ADA or retaliation claims, the court finds Toro has not exhausted her administrative remedies for these claims. As a result, Toro's third cause of action – her ADA claim – will be dismissed. Her fourth cause of action, for retaliation, will be dismissed to the extent it is asserted under Title VII and the ADA.

### B. Three Hundred Day Claim Requirement

As previously noted, an employee must file an administrative charge of the alleged discriminatory act within 300 days if in a "deferral state." 42 U.S.C. § 2000e-5(e); 42 U.S.C. § 12117(a). There is no dispute that South Carolina is a deferral state, and that the SCHAC is the appropriate state agency for purposes of initiating proceedings. Thus, Toro had 300 days following a discriminatory act in which to file her administrative charge for relief under Title VII or the ADA. She failed to do so. The charge was issued on June 3, 2011, and on June 16, 2011 was officially filed after being signed by Toro and notarized. As explained in the R&R, using the unverified charge date of June 3, 2011, the discriminatory acts must have occurred prior to August 7, 2010. R&R at 8-9. Toro lists the alleged acts as occurring on and prior to August 4, 2010, beyond the 300 day filing requirement. Toro seems to argue that that the 300 day requirement should be based from the completion of her questionnaire. This argument conflates the filing of her initial questionnaire with the filing of an administrative charge. As explained above, an initial questionnaire does not constitute an administrative charge. See Green, 2012 WL 2048207, at * 3; Middleton, 2010 WL 3167360, at *6 ("Simply stated, the EEOC Charge Form and the Intake Questionnaire serve different purposes. An Intake Questionnaire facilitates 'pre-charge filing counseling' and allows the EEOC to determine whether it has jurisdiction to pursue a charge."") (citations omitted); see also White v. Andersen Distrib., Inc., No. 09-cv-2705, 2011 WL 4435635, at * 5 (D.S.C. Aug. 15, 2011) ("The [initial] questionnaire that White filed . . . is a preliminary step in the filing of the formal written complaint.)

Toro also contends that the SCHAC did not send the charge in a timely manner, and that if not for the staff's delay, the charge would have been filed within the 300-day period. Therefore, Toro argues, the limitations period should be equitably tolled. Pl.'s Objections to R&R at 7-8. Equitable relief is extended "only sparingly" and "is reserved for the most deserving complainants." Polsby v. Chase, 970 F.2d 1360, 1363 (4th Cir. 1992), vacated on other grounds, 113 S.Ct. 1940 (1993) (citations omitted). Toro concedes that she has not shown any affirmative misconduct that would lead the court to grant this equitable relief. See Ramirez v. City of San Antonio, 312 F.3d 178, 183 (5th Cir. 2002) ("The party who invokes equitable tolling bears the burden of demonstrating that it applies in this case.") Additionally, the R&R cites a number of cases within this district and within the Fourth Circuit that support the strict construction of statutory filing requirements for discrimination cases. R&R at 9.

Based on the above, the court finds Toro failed to meet her 300 day filing requirement, and that equitable tolling is not appropriate in this case.

### C. Retaliation Claim under South Carolina Public Policy

Toro asserts her claim for retaliation should proceed under the public policy of South Carolina. Pl.'s Objections to R&R at 8. The South Carolina Supreme Court has created a limited exception to the at-will employment that "[w]here the retaliatory discharge of an at-will employee constitutes violation of a clear mandate of public policy, a cause of action in tort for wrongful discharge arises." Ludwick v. This Minute of Carolina, Inc., 337 S.E.2d 213, 216 (S.C. 1985). However, case law provides that where "the employee has a statutory remedy for the wrongful termination itself, South Carolina would refuse to extend the public policy exception to cover that claim." Washington v.

6

Purdue Farms, Inc., No. 07-cv-3552, 2009 WL 386926, at *12 (D.S.C. Feb. 13, 2009); see also Garner v. Morrison Knudsen Corp., 456 S.E.2d 907, 909 (S.C. 1995).

The court agrees with the magistrate judge's conclusion that Toro has failed to identify any violation of public policy that would allow her to proceed with her retaliation claim. As Toro has or had statutory remedies for her retaliation claim, she may not proceed with that claim on the basis that SAIC's action violated South Carolina public policy.

## IV.   CONCLUSION

Based on the foregoing discussion, the court **ADOPTS** the magistrate judge's R&R in its entirety and **GRANTS IN PART AND DENIES IN PART** defendant's motion to dismiss. The court **DISMISSES** plaintiff's Third Cause of Action and **DISMISSES** plaintiff's Second and Fourth Causes of Action to the extent that relief is asserted under Title VII, the ADA, or the public policy of South Carolina. Plaintiff's Second and Fourth Causes of Action may proceed only to the extent they are asserted under the Equal Pay Act.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**February 21, 2013**
**Charleston, South Carolina**